IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**JIMMIE LOU HENRIXSON,**

    **Petitioner,**

vs.                                                                            Case No. 4:12cv125-SPM/CAS

**UNITED STATES OF AMERICA,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION

On March 19, 2012, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, doc. 1, and a motion for relief under the "savings clause." Doc. 2. Because the motion is more in the nature of a supporting memorandum of law, and because if Petitioner is entitled to relief, it will come in ruling on the petition, doc. 1, the Clerk of Court shall terminate pending deadlines for the "motion," doc. 2, and it will be construed solely as a supporting memorandum.[1]  Petitioner paid the filing fee.  Doc. 5.

Petitioner claims that she was improperly sentenced as a career offender because the state sentencing court never made a recidivist finding and, hence, the United States could not rely on such a finding to sentence Petitioner to a maximum term

---

[1] District courts have the authority to recharacterize a *pro se* litigant's motion. See United States v. Jordan, 915 F.2d 622 (11th Cir. 1990), *cert. denied,* 499 U.S. 979 (1991); Castro v. United States, 540 U.S. 375, 381 (2003).

of imprisonment.  Doc. 1, p. 4.  In support of that argument, Petitioner cites to Carachuri-Rosendo v. Holder, 130 S.Ct. 2577, 2589 (2010).[2]  Doc. 1, p. 4.  Petitioner also claims that her sentence was unlawfully enhanced based on a prior state "simple possession" charge.  *Id.*, at 3.  Petitioner contends § 2255 is inadequate or ineffective because her claim would be barred under the one-year period established by the A.E.D.P.A., and recent Supreme Court precedent was not available to prove her innocence.  *Id.*, at 4.

In her supporting memorandum, Petitioner explains that she was convicted of "simple possession of marijuana and cocaine" on April 16, 1982.  Doc. 2, p. 2.  She was convicted in a separate case four months later, and because it was a second conviction, Petitioner was sentenced under Georgia's recidivist provision to a term of life.  *Id.*  Petitioner contends that on appeal, her recidivist sentence was vacated by the Supreme Court of Georgia.  *Id.*  Petitioner contends that when she was sentenced in federal court

---

[2] That case was a challenge to an order of removal of an alien from the United States, based on a conviction of an aggravated felony.  Carachuri–Rosendo, the petitioner, faced deportation after committing two misdemeanor drug offenses in Texas; he was sentenced to 20 days on the first and 10 days on the second. 130 S.Ct. at 2580.  The issue was whether he was ineligible to seek discretionary cancellation of removal for his conviction of an "aggravated felony."  8 U.S.C. §§ 1101(a)(43) (defining aggravated felony) and 1229b(a) (cancellation of removal for certain permanent residents).  Although he could have been (but was not) charged as a repeat offender in the second case, and the repeat offender offense would have been punishable as a felony, "[t]he mere possibility that the defendant's conduct, coupled with facts outside of the record of conviction, could have authorized a felony conviction under federal law is insufficient to satisfy the statutory command that a noncitizen be 'convicted of a[n] aggravated felony' before he loses the opportunity to seek cancellation of removal." 130 S.Ct. at 2589, *citing* 8 U.S.C. § 1229b(a)(3).  The Court held that "second or subsequent simple possession offenses are not aggravated felonies" for removal purposes when "the state conviction is not based on the fact of a prior conviction."  Carachuri-Rosendo, 130 S.Ct. at 2580.

in 1999, the court used her state "simple possession" conviction to enhance her federal sentence and sentence her as a career offender.  *Id.*, at 2, 4.  She further contends that it was improper to do so because her sentence was vacated and under Carachuri-Rosendo, 130 S.Ct. at 2580, she is entitled to have her sentence corrected. *Id.*, at 5.

Petitioner was convicted by a jury on March 18, 1999,[3] of violating 21 U.S.C. § 846, conspiring to distribute methamphetamine in violation of 21 U.S.C. § 841, and knowingly possessing with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a) in the Northern District of Georgia, Gainesville Division.  United States v. Hendrixson, 234 F.3d 494, 495 (11th Cir. 2000);[4] Doc. 2, pp. 3-4.  Petitioner's first § 2255 motion was denied for lack of jurisdiction because it was filed outside of the one year limitation period of 28 U.S.C. § 2255(f).  *Id.*; Doc. 2, p. 4.  Petitioner was denied leave to file a second or successive motion.  *See* case 2:98cr3, doc. 621, N.D. Ga.; 2:06cv99, doc. 2-1, N.D. Ga.

This case is Petitioner's second § 2241 petition in this Court.  Doc. 4.  Petitioner filed case 4:10cv382-RH/WCS on September 7, 2010, pursuant to Gilbert, *infra*, seeking to challenge her conviction and sentence imposed in the Northern District of Georgia

---

[3] Petitioner contends the conviction was on March 3, 1999, doc. 2, p. 4. However, the order denying her motion to vacate her sentence under § 2255 states the conviction date was March 18, 1999.  Case 2:06cv99, doc. 2-1.

[4] Judicial notice is taken that Petitioner was sentenced on June 30, 1999, to a term of life and a term of 30 years in prison,to run concurrently, followed by 10 years of supervised release.  Petitioner's federal conviction and sentence were affirmed on direct appeal.  United States v. Hendrixson, 234 F.3d 494 (11th Cir. 2000), *cited in* case 2:98cr3-WCO/JRS, doc. 621, N.D. Ga.

under the savings clause of 28 U.S.C. § 2255(e).[5]  Doc. 1 of that case.  That petition was dismissed *sua sponte*, finding that Petitioner's issues could not properly be raised in a § 2241 petition, *citing* Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2001).[6]

In the instant petition, Petitioner acknowledges that she cannot challenge her sentence under § 2255, and may only proceed under the savings clause.  Doc. 1, p. 3.  Petitioner contends she may proceed in this § 2241 petition based on Carachuri-Rosendo, 130 S.Ct. at 2580, and United States v. Simmons, 635 F.3d 140 (4th Cir. 2011).

**Analysis**

To proceed under the savings clause, a claim must be based upon a retroactively applicable Supreme Court decision, establishing the petitioner was convicted for a nonexistent offense; and circuit law squarely foreclosed the claim at the time it should have been raised at trial, appeal, or first § 2255 motion.  Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (footnote omitted).  "[T]he only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent."  *Id.,* at 1245 (footnote

---

[5] The savings clause derives from § 2255(e): "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).

[6] Gilbert established that "the savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum."  640 F.3d at 1323.

Case No. 4:12cv125-SPM/CAS

omitted); see also Gilbert, 640 F.3d at 1319 (noting the Wofford holding "is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings.") (footnote and citation to Wofford omitted).

Petitioner's citation to Simmons[7] is insufficient because that is neither a Supreme Court case nor within the Eleventh Circuit. Moreover, the Supreme Court has clearly stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." Tyler v. Cain, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001). The Court has not declared its decision in Carachuri–Rosendo, which arose under the Immigration and Nationality Act, to be a "new rule" of constitutional law that is retroactively applicable. See Gaytan–Gonzalez v. Benov, 2012 WL 28625, at *2 (E.D.Cal. 2012) (finding *Carachuri–Rosendo* not retroactively applicable on collateral review); Adams v. United States, 2011 WL 1233238, at *3 (S.D.Fla. 2011) (finding *Carachuri–Rosendo* unavailing because it "is not a new retroactive Supreme Court decision"); Stewart v. Warden, FCC Coleman–Low, 2011 WL 6004594 (M.D.Fla. 2011) (holding that *Carachuri-Rosendo* did not undermine petitioner's 1999 sentence enhancements and noting it was not a retroactive case, citing numerous unreported cases that have also so held); Gaddy v. United States, 2011 WL

---

[7] In Simmons, the defendant "pled guilty to federal drug trafficking, the district court held that his prior state conviction for marijuana possession, for which he faced no possibility of imprisonment, was for an offense 'punishable by imprisonment for more than one year,' triggering a sentencing enhancement under the Controlled Substances Act." 649 F.3d at 239. The enhancement doubled his minimum sentence. *Id.* The Supreme Court vacated Simmons' judgment and remanded the case for further consideration in light of Carachuri–Rosendo v. Holder, *supra*. After rehearing the case en banc, *see* 635 F.3d 140, the Fourth Circuit vacated Simmons' sentence and remanded for further proceedings. 649 F.3d 237.

7021140 (N.D.W.Va. 2011) (concluding that the Supreme Court announced a "new rule" but concluding it should not be retroactively applied); United States v. Stallworth, 2012 WL 512644, at *2 (N.D.Fla. 2012) (finding Carachuri-Rosendo was not retroactively applicable). Because Carachuri–Rosendo is not a retroactively applicable Supreme Court decision, Petitioner is not entitled to proceed under the savings clause of § 2255 and this § 2241 petition must be dismissed.

Even if Carachuri–Rosendo were retroactively applicable, Petitioner is mistaken when she states that her state court conviction as a recidivist was vacated. Doc. 2, pp. 2, 5. Petitioner attached to the petition a copy of the Court of Appeals of Georgia decision, which concluded that the trial court erred in sentencing her to a life sentence under the recidivist provision. Hendrixson v. State, 167 Ga.App. 516, 306 S.E.2d 349 (Ga. App. 1983). Petitioner had "received a life sentence for the sale of cocaine," but the court found that because she was not indicted as a recidivist, the case should be remanded "for resentencing on the sale of cocaine count." Hendrixson, 167 Ga.App. at 516, 306 S.E.2d at 350. However, the Supreme Court of Georgia granted *certiorari* and reversed the judgment of the appellate court. State v. Hendrixson, 251 Ga. 853, 854, 310 S.E.2d 526, 528 (Ga. 1984).[8] The Supreme Court of Georgia held that Petitioner's "life sentence imposed in the present case [was] lawful, as the evidence reflects compliance by the state with the requirement of OCGA § 17-10-2(a) (Code Ann.

---

[8] Petitioner attached only the first two pages of the Georgia Supreme Court's decision to the petition, omitting the final page and relevant holding of the case. Doc. 1-1, pp. 4-5. Notwithstanding, the holding was stated in the syllabus on the first page. *Id.* See also Hendrixson v. State, 169 Ga.App. 832, 316 S.E.2d 41 (Ga. App. 1984) (vacating its earlier judgment).

Case No. 4:12cv125-SPM/CAS

§ 27-2503)." Hendrixson, 251 Ga.App. at 854, 310 S.E.2d at 528.

**CONCLUSION**

It is therefore respectfully **RECOMMENDED** that the § 2241 petition for writ of habeas corpus, challenging Petitioner's conviction and sentence out of the Northern District of Georgia, be **DENIED** as Petitioner has failed to demonstrate that the § 2255(e) remedy is inadequate or ineffective and so is not entitled to proceed under 28 U.S.C. § 2241.

**IN CHAMBERS** at Tallahassee, Florida, on April 9, 2012.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**